IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 3:20-CR-415-L |
| § | |
| JOSE MAURICIO AYALA § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the referral of the district judge, Doc. 213, now before the undersigned United States magistrate judge is Defendant Jose Mauricio Ayala's *Motion to Withdraw Guilty Plea*, Doc. 207. For the reasons stated here, Ayala's motion should be **DENIED**.

**I. BACKGROUND**

In October 2020, a grand jury charged Ayala in a multi-count, multi-defendant superseding indictment with drug-trafficking and firearms offenses. Doc. 26, *passim*. On August 26, 2021, represented by retained counsel Mark Perez, Ayala appeared before Magistrate Judge David Horan for rearraignment. Doc. 79. Pursuant to a *Plea Agreement*, Doc. 72, and with the assistance of an Spanish/English interpreter, Doc. 209-1 at 2, Ayala pled guilty to Count Four of the Superseding Indictment, charging him with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 18 U.S.C. § 2. Doc. 81. There being no objections to the magistrate judge's *Report and Recommendation*, on September 15, 2021, the presiding district judge accepted Ayala's guilty plea and adjudged him guilty. Doc. 84.

A Presentence Report ("PSR") was filed on October 22, 2021, Doc. 92, and an Addendum to the PSR, was filed on January 18, 2022, Doc. 119. In March 2023, Ayala filed the instant motion to withdraw his guilty plea. Doc. 207. The Government has filed a response in opposition. Doc. 209.

## II. PARTIES ARGUMENTS

Ayala argues he should be permitted to withdraw his guilty plea because (1) it "was made and entered without meaningful advice of counsel because counsel failed to explain to [him] in proficient Spanish the options of resolving his case"; (2) "[h]is Plea of Guilty was made without full understanding of the nature of the offense charges and the range of punishment available for the offense charged because counsel did not speak proficient Spanish"; and (3) "Defendant believed due to his counsel's advice that entering a Plea of Guilty was the only way to resolve his case." Doc. 207 at 1.

The Government avers that Ayala failed to establish a fair and just reason to withdraw his guilty plea because, *inter alia*, (1) during rearraignment, he repeatedly asserted that he was guilty, and he does not aver he is actually innocent in the motion *sub judice*; (2) although more than 18 months have passed since the Court accepted Ayala's guilty plea and another 16 months have elapsed since the PSR was filed, Ayala proffers no reason for his delay in filing this motion; (3) Ayala's counsel was available and negotiated a favorable plea, and Ayala stated during rearraignment that he was satisfied with counsel's representation; and (4) Ayala knowingly and voluntarily entered a plea of guilty since he was meaningfully advised by his counsel and an interpreter translated the proceedings for him throughout the colloquy. Doc. 209 at 8-13.

2

### III. APPLICABLE LAW

"[I]t is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence. Instead, the right to do so is within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion." *United States v. Rasmussen*, 642 F.2d 165, 167 (5th Cir. 1981). A district court may permit a defendant to withdraw his guilty plea prior to sentencing for "any reason the granting of the privilege seems fair and just." *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984).

In making this determination, a district court considers seven factors: (1) whether the defendant asserted his innocence; (2) whether withdrawal would cause the government to suffer prejudice; (3) whether the defendant delayed in filing the motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Id.* at 343-44. These factors are considered under the totality of the circumstances, and it is the defendant's burden to establish that withdrawal of his guilty plea is warranted. *Id.* at 344.

### IV. ANALYSIS

Upon careful review, the Court concludes that the *Carr* factors, as applied in this case, weigh against permitting Ayala to withdraw his guilty plea.

#### A. *No assertion of Actual Innocence*

First, Ayala wholly fails to assert his actual innocence. Doc. 207 at *passim*. Permitting the withdrawal of a guilty plea is disfavored when, as here, the defendant fails to assert his innocence. *United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007). Indeed, while Ayala asserts often and unequivocally that defense counsel did not adequately communicate relevant

3

information to him in Spanish, he does not even suggest that he is innocent of the offense to which he pled guilty.

### B. Delay in Requesting Withdrawal

Ayala waited more than a year and a half after entering his guilty plea to file his *Motion to Withdraw Guilty Plea*. Such delay is significant. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (six-week delay in requesting to withdraw guilty plea deemed "significant"); *United States v. Rinard*, 956 F.2d 85, 88–89 (5th Cir. 1992) (holding that a 69-day delay weighed against defendant); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988) (holding that a seven-week delay weighed against withdrawal); *Carr,* 740 F.2d at 345 (finding that the motion "was not promptly filed" 22 days after the plea). It is also notable that Ayala did not complain about Attorney Perez or seek to withdraw his guilty plea until after the PSR was issued in his case. This is strongly suggestive of "buyer's remorse," rather than the involuntariness of his guilty plea.

This *Carr* factor likewise weighs against permitting Ayala to withdraw his guilty plea.

### C. Close Assistance of Counsel

Despite his protestations to the contrary, Ayala had the close assistance of counsel both before and during his rearraignment hearing. Determining whether a defendant received close assistance of counsel "requires a fact-intensive inquiry, which is distinct from an inquiry into whether the defendant received effective assistance of counsel in accordance with the Sixth Amendment." *United States v. Strother*, 977 F.3d 438, 445 (5th Cir. 2020). In weighing this factor, the court looks to whether counsel was available to the defendant throughout the proceedings, *see, e.g.*, *United States v. Benavides*, 793 F.2d 612, 617–18 (5th Cir. 1986), including whether counsel negotiated the defendant's plea agreement, *United States v. McKnight*,

4

570 F.3d 641, 646–47 (5th Cir. 2009), and whether a defendant was satisfied with his defense counsel, *United States v. Herrod*, 595 F. App'x 402, 411 (5th Cir. 2015) (unpublished).

At the rearraignment hearing, Ayala unequivocally confirmed that he (1) discussed with his attorney the Sentencing Guidelines and how they might apply to his case, Doc. 208 at 8; (2) discussed his case and his proposed guilty plea with counsel and was "fully satisfied with the representation and advice [he] received" from counsel, Doc. 208 at 9-10; (3) reviewed the translated superseding indictment, particularly Count Four, with counsel and understood the charge, Doc. 208 at 10; (4) carefully reviewed and discussed the translated *Plea Agreement* and *Plea Agreement Supplement* with counsel and fully understood each prior to signing, Doc. 208 at 12; and (5) did the same before signing the translated *Factual Resume*, Doc. 208 at 19. The record also reflects that during the rearraignment hearing, Ayala conferred with his counsel after showing confusion regarding the Forfeiture of Property provision in the *Plea Agreement*—further evidence of counsel's availability and close assistance. Doc. 208 at 14.

Here, Ayala fails to assert any basis for the Court to conclude that he lacked close assistance of counsel. His allegation that he did not receive meaningful advice of counsel because his attorney did not explain his case's resolution options in proficient Spanish, Doc. 207 at 1, does not demonstrate any deficiency in his counsel's performance, especially considering that his counsel reviewed the above-listed documents with Ayala in Spanish and Ayala had the services of a sworn interpreter at the rearraignment hearing. *See United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) (holding that the defendants had the "quintessential" assistance of counsel because counsel represented defendants throughout their proceedings, including the plea agreement process and rearraignment; and defendants confirmed their satisfaction with counsel's representation).

5

For these reasons, this *Carr* factor also weighs against permitting Ayala to withdraw his guilty plea.

### D. Knowing and Voluntary Guilty Plea

Again, Ayala contends that his guilty plea was made without a "full understanding" of the offense charged or the punishment range available, as his attorney "did not speak proficient Spanish," and he was unaware that he did not have to plead guilty. However, both contentions are clearly refuted by the record.

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citation omitted). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) "had notice of the charges against him"; (2) understood the constitutional protections he was waiving; and (3) had "access to the advice of competent counsel." *United States v. Shepard*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama*, 395 U.S. 238, 244 (1969) (finding that for a guilty plea to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

Here, contrary to Ayala's current assertions, he affirmed under oath and through the sworn interpreter that the charges in the indictment were translated into Spanish for him and that he understood them. Doc. 208 at 10. Moreover, Ayala also affirmed that he understood the essential elements of the offense charged, admitted that each of those essential elements was satisfied in his case, and denied that he was induced or forced to plead guilty. Doc. 208 at 11-12. Doc. 208 at 10, 19. Ayala likewise affirmed that Attorney Perez translated the *Factual Resume*, Doc. 71, into Spanish for him and that he understood everything stated in it before signing it.

6

Ayala similarly affirmed that he signed the Plea Agreement only after carefully discussing it with Attorney Perez and that he was comfortable that he understood everything stated in it. Doc. 208 at 12.

The record further belies Ayala's claim that he lacked full understanding of the punishment range because, not only was the punishment range included in the Plea Agreement that he signed, Doc. 72 at 2, but it was also stated on the record at the rearraignment hearing where it was translated into Spanish by the sworn interpreter. Doc. 208 at 17-18. *See* United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) ("[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath.") (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (Solemn declarations in open court carry a strong presumption of verity.")).

Thus, this *Carr* factor also weighs against permitting the withdrawal of Ayala's guilty plea.

## V. CONCLUSION

On balance, the *Carr* factors, when considered under the totality of the circumstances, weigh against granting Ayala's request to withdraw his guilty plea. Thus, for the reasons stated *supra*, Ayala's *Motion to Withdraw Guilty Plea*, Doc. 207, should be **DENIED**.

**SO RECOMMENDED** on July 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).